1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMANDA U. LEVY,                              No.  2:13-cv-1408-JAM-KJN PS

12             Plaintiff,

13        v.                                      ORDER and

14   CALIFORNIA STATE LIBRARY et al.,             FINDINGS AND RECOMMENDATIONS

15             Defendants.

16

17        Plaintiff Amanda Levy, proceeding in this action without counsel, has requested leave to

18   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in

19   support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. §

20   1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

21        The determination that a plaintiff may proceed in forma pauperis does not complete the

22   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

23   any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26   ////

27   _____

     [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).

                                                 1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    To avoid dismissal for failure to state a claim, a complaint must contain more than

9    "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

10   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

16   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

17   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

18   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19   U.S. 232, 236 (1974).

20   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-

21   21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is

22   clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

23   forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

24   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25   In this case, plaintiff, a resident of Beverly Hills, California, alleges that security officers

26   at the Santa Monica Public Library assaulted, battered, bullied, defamed, sexually harassed,

27   falsely imprisoned, ousted, and discriminated against her based upon her national origin and

28   disability.  Although the California State Library and the State of California are also nominally

2

1  named as defendants in the caption of the complaint, plaintiff's complaint contains no factual

2  allegations pertaining to these entities.[2]  Plaintiff seeks $15,000,000 in compensatory damages

3  along with punitive damages.  (ECF No. 1.)

4       After reviewing plaintiff's complaint, it appears that venue in this district is improper.

5  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in

6  which any defendant resides, if all defendants are residents of the State in which the district is

7  located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

8  the claim occurred, or a substantial part of property that is the subject of the action is situated; or

9  (3) if there is no district in which an action may otherwise be brought as provided in this section,

10  any judicial district in which any defendant is subject to the court's personal jurisdiction with

11  respect to such action."  28 U.S.C. § 1391(b).

12       Here, the Santa Monica Public Library and its employees/officers do not reside in the

13  Eastern District of California, and the events or omissions giving rise to plaintiff's claims plainly

14  occurred in Santa Monica, California, and not in the Eastern District of California.  Therefore, the

15  court recommends that plaintiff's action be dismissed without prejudice for improper venue

16  pursuant to 28 U.S.C. § 1406(a).

17       Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's

18  motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

19       IT IS ALSO HEREBY RECOMMENDED that the action be DISMISSED WITHOUT

20  PREJUDICE for improper venue pursuant to 28 U.S.C. § 1406(a).

21       These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

23  days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26

27  [2] Even if plaintiff's complaint were liberally construed to state claims against the California State
Library and the State of California, such claims would be barred by the Eleventh Amendment to

28  the United States Constitution.  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

1    shall be served on all parties and filed with the court within fourteen (14) days after service of the

2    objections.  The parties are advised that failure to file objections within the specified time may

3    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

4    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5          IT IS SO ORDERED AND RECOMMENDED.

6    Dated:  July 25, 2013

7

8                                 KENDALL J. NEWMAN
                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28